UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05CR-141-R

UNITED STATES OF AMERICA,                                                         PLAINTIFF

v.

SAMUEL RICHARD WHITE II,                                                         DEFENDANT

### MEMORANDUM OPINION

This matter comes before the Court on the Defendant's Motion to Suppress Evidence obtained on a May 2, 2005, during a search of the Defendant's residence (Docket #13). The Plaintiff has responded (Docket #15). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Suppress is **DENIED**.

### BACKGROUND

On May 2, 2005, Det. Larry Congleton ("Congleton") of the Oldham County Police Department obtained a search warrant to search the residence of the Defendant, Samuel White ("White"), located in Crestwood, Kentucky, in Oldham County. Congleton swore to the contents of his affidavit supporting the warrant on May 2, 2005, and Oldham County Attorney John Fendley ("Fendley") administered the oath that same evening. Chief District Judge of the 12th Judicial District, Jerry D. Crosby II, entered an Order on May 30, 2003 authorizing the Oldham County Attorney to administer oaths pursuant to Kentucky Rule of Criminal Procedure (Rcr) 2.02. After Fendley administered the oath, Oldham County District Court Judge Diane Wheeler signed the search warrant at 9:40pm on May 2, 2005. After receiving the warrant, Oldham County Police executed the search on the home of the Defendant seizing illegal narcotics, a

methamphetamine laboratory, and a loaded firearm.

## DISCUSSION

Rcr 2.02 states that a:

> complaint is a written statement of the essential facts constituting the offense charged. It shall be made under oath and signed by the complaining party before a judge or a person who (a) is legally empowered to administer oaths and (b) has been authorized to administer such oaths to a complaining party by written order of a judge for the county having venue of the offense charged.

The Plaintiff contends that the Oldham County Attorney was authorized to administer an oath for the warrant to search the home of White because he is a valid notary, he was authorized to do so by Oldham County Chief District Court Judge Crosby, and District Court Judge Wheeler signed the warrant after Fendley administered the oath. The Defendant asserts that Fendley was not authorized to administer the oath because he was not legally empowered to do so under Kentucky law, thereby making the warrant issued per se invalid because it did not give jurisdiction to the police to search the residence of White.

In *Commonwealth v. Hubble*, the Kentucky Court of Appeals did not take issue with a Graves County Attorney who administered the oath for a search warrant, which, similar to the instant matter, was subsequently signed by a district court judge before the search took place. *Commonwealth v. Hubble*, 730 S.W.2d 532, 533 (Ky. Ct. App. 1987). Here, a similar procedure to obtain the warrant and administer the oath was undertaken by the Oldham County Police, Attorney and a District Court Judge before the police executed the search. Accordingly, the Oldham County Attorney had the authority in this instance to administer the oath, and the warrant was not per se invalid.

Assuming that the Oldham County Attorney did not have the authority, this mistake

2

would have been only technical in nature, and Congleton would have relied upon the validity of the warrant in good faith under the standard set by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 923 (1984). In *Leon*, adopted as law by Kentucky in *Crayton v. Commonwealth*, 846 S.W.2d 684 (Ky. 1992), the Supreme Court held that evidence seized by police should not be suppressed if it is obtained pursuant to a search warrant, which may later be determined to be flawed, if the officer executing the warrant had an objectively reasonable good faith belief in the probable cause determination by the administrator of the oath and the sufficiency of the warrant. *Id.* at 923. In the instant matter, it could reasonably be found that Congleton had a good faith belief that Fendley had the authority to administer the oath in light of the fact that Judge Crosby had issued an Order authorizing the Oldham County Attorney to administer the oath, and because the warrant in question was subsequently signed by Judge Wheeler after the oath was administered, but prior to the execution of the search.

The Defendant relies on *Commonwealth v. Shelton*, arguing that the Kentucky Supreme Court holding in that case precludes the application of the good faith reliance rule in the instant matter because it is a jurisdictional, not a technical error. *Commonwealth v. Shelton*, 766 S.W.2d 628, 629-30 (Ky. 1989). However, in contrast to *Shelton*, which involved a trial commissioner who had not received a temporary appointment extending his authority outside his home county, the instant matter involves officials only acting within Oldham County, and who were following an order by a Chief District Judge to administer oaths. As such, if the Oldham County Attorney did not have authority to administer the oath, such an error would only be technical and not jurisdictional because Fendley did not attempt to administer an oath outside of Oldham County. Accordingly, even if Fendley did not have the authority to administer the oath, Congleton had a

good faith belief to execute the warrant.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Suppress is **DENIED**.

An appropriate order shall issue.