FILED

SEP 1 2 2006

BY JEFFREY A. APPERSON, CLERK
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO.: 3:05CR-141-R

UNITED STATES v. WHITE

# JURY INSTRUCTIONS

## INSTRUCTION NO. |

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

3

## INSTRUCTION NO. 3

### Definition of Knowingly

The term "knowingly," as used in these instructions, means voluntarily and intentionally, and not because of mistake or accident.

# INSTRUCTION NO. 4

## Methamphetamine - Controlled Substance

Methamphetamine is a "controlled substance" as used in these instructions.

## INSTRUCTION NO. 5

### Count One (1)

### Conspiracy to Manufacture Methamphetamine - 21 U.S.C. Sections 812, 841(a) and 846

Count One (1) of the Indictment accuses the Defendant, Samuel Richard White, II, of a conspiracy to commit the crime of manufacturing methamphetamine from on or about and between January 1, 2005 and May 2, 2005, in violation of federal law, Title 21, United States Code, Sections 812, 841(a) and 846. It is a crime for two or more persons to conspire or agree, to commit a criminal act, even if they never actually achieve their goal.

For you to find the Defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

1) First, that two (2) or more persons conspired or agreed, to commit the crime of manufacturing a controlled substance, which in this case is methamphetamine; and

2) Second, that the Defendant knowingly or voluntarily joined the conspiracy.

Remember, you must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 6

### Manufacture - Count One (1)

The crime to manufacture methamphetamine has the following elements:

1. A person knowingly or intentionally manufactures methamphetamine.

To "manufacture" means to produce, prepare, propagate, compound or process a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis , and includes any packaging or repackaging of such substance or labeling or relabeling of its container.

7

## INSTRUCTION NO. 7

### Agreement - Count One (1)

With regard to the first element - a criminal agreement - the government must prove that two (2) or more persons conspired, or agreed, to cooperate with each other to commit the crime of manufacturing methamphetamine.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two (2) or more people, to cooperate with each other to commit the crime of manufacturing methamphetamine. This is essential.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

8

## INSTRUCTION NO. 8

### Connection to the Conspiracy - Count One (1)

If you are convinced that there was a conspiracy, then you must decide whether the government has proved that the Defendant knowingly and voluntarily joined that agreement. You must consider the Defendant separately in this regard. To convict the Defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

However, proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help the conspiracy, that does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined the conspiracy.

What the government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The Defendant's knowledge can proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to

9

convince you that such facts and circumstances existed in this particular case.

# INSTRUCTION NO. 9

## Count Two (2)

### Conspiracy to Possess with Intent to Distribute - 21 U.S.C. Sections 812, 841(a) & 846

Count Two (2) of the Indictment accuses the Defendant, Samuel Richard White, II, of a conspiracy to commit the crime of knowingly and intentionally possessing, with the intent to distribute, methamphetamine from on or about and between January 1, 2005 and May 2, 2005, in violation of federal law, Title 21, United States Code, Sections 812, 841(a)(1) and 846.  It is a crime for two or more persons to conspire or agree, to commit a criminal act, even if they never actually achieve their goal.

For you to find the Defendant guilty of this conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

1) First, that two (2) or more persons conspired or agreed, to commit the crime of possession with intent to distribute a controlled substance, which in this case is methamphetamine; and

2) Second, that the Defendant knowingly or voluntarily joined the conspiracy.

Remember, you must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

**INSTRUCTION NO.** 10

**Possession with Intent to Distribute - Count Two (2)**

The crime of possession with intent to distribute methamphetamine has the following

elements:

1) First: that a person knowingly and intentionally possessed methamphetamine; and

2) Second: that a person possessed methamphetamine with the intent to distribute it.

To "possess with intent to distribute" means to possess with the intent to deliver or

transfer possession of a controlled substance to another person, with or without any financial

interest in the transaction.

The term(s) "possess or possession" are defined in Instruction Nos. 17+18.

# INSTRUCTION NO.  11

## Agreement - Count Two (2)

In looking at the first element - conspiracy - the government must prove that two (2) or more persons conspired or agreed, to cooperate with each other to commit the crime of possessing with intent to distribute methamphetamine.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  However, proof that people simply met together from time to time and talked about common interests or engaged in similar conduct it is not enough to establish a conspiracy.  These are things that you may consider in deciding whether the government has proved a conspiracy.  However, without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of possessing with intent to distribute methamphetamine.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the Government to prove that such facts and circumstances existed in this particular case.

# INSTRUCTION NO. 12

## Connection to the Conspiracy - Count Two (2)

If you are convinced that there was a conspiracy, then you must decide whether the government has proved that the Defendant knowingly and voluntarily joined that agreement. You must consider the Defendant separately in this regard. To convict the Defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

However, proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help the conspiracy, that does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined the conspiracy.

What the government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The Defendant's knowledge can proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 13

### Count Three (3)

### Possession with Intent to Distribute Methamphetamine - 21 U.S.C. Sections 812, 841(a)(1) and (b)(1)(B)

Count Three (3) of the Indictment accuses the Defendant, Samuel Richard White, II, of possession with intent to distribute methamphetamine on or about May 2, 2005, in violation of federal law, 21 U.S.C. Sections 812, 841(a)(1) and (b)(1)(B).  It is a federal crime for anyone to possess a "controlled substance" with intent to distribute it.  Methamphetamine is a "controlled substance" within the meaning of the law.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1) First: that the Defendant knowingly and intentionally possessed methamphetamine, and;

2) Second: that the Defendant possessed methamphetamine with the intent to distribute it.

To "possess with intent to distribute" means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term(s) "possess or possession" are defined in Instructions Nos. 17 & 18 .

Remember, you must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of ~~the conspiracy~~ This charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 14

### Count Four (4)

### Manufacturing of Methamphetamine - 21 U.S.C. Sections 812, 841(a) & (b)(1)(B)

Count Four (4) of the Indictment accuses the Defendant, Samuel Richard White, II, of knowingly or intentionally aiding and abetting the manufacture of methamphetamine on or about May 2, 2005, in violation of federal law. Title 21, United States Code, Sections 812, 841(a)(1) and (b)(1)(B). It is a crime to knowingly or intentionally aid or abet the manufacture of a controlled substance. Methamphetamine is a controlled substance.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the Defendant knowingly or intentionally manufactured methamphetamine.

To "manufacture" means to produce, prepare, propagate, compound or process a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis , and includes any packaging or repackaging of such substance or labeling or relabeling of its container.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the Government has proved all these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

# INSTRUCTION NO.   15

## Aiding and Abetting - Count Four (4)

For you to find the Defendant, Samuel Richard White, II, guilty of intentionally manufacturing methamphetamine, it is not necessary for you to find that he personally committed the crime himself.  You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

However, for you to find the Defendant guilty of these crimes as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. First, that the crime of intentionally manufacturing methamphetamine was committed;

2. Second, that the Defendant helped to commit the crime or encouraged someone else to commit the crime; AND

3. Third, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the Government has proved that he was an aider and abettor; but without more it is not enough.

What the Government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this particular charge.  However, if you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of manufacturing methamphetamine as an aider and abettor.

## INSTRUCTION NO. 16

### Count Five (5)

### Possession of a Firearm in Furtherance of a Drug Trafficking Crime - 18 U.S.C. Section 924(c)(1)(A)(i)

Count Five (5) of the Indictment charges the Defendant with violating federal law, Title 18 United States Code Section 924(c)(1)(A)(i), by possessing a firearm in furtherance of a drug trafficking crime on or about and between January 1, 2005 and May 2, 2005. It is a federal crime for anyone to possess a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. First: That the Defendant committed at least one (1) of the crimes charged in Count One, Count Two, Count Three or Count Four, which may be prosecuted in the United States. Counts One, Two, Three and Four are drug trafficking crimes that may be prosecuted in a court of the United States;

2. Second: That the defendant knowingly possesses a firearm; AND

3. Third: That the possession of the firearm(s) was in furtherance of the crime charged in Count One, Count Two, Count Three or Count Four.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The term firearm includes starter guns. The firearm need not be loaded.

The term "Knowingly" means voluntarily and intentionally, and not because of mistake or

accident.

The term "possession" is defined in Instructions Nos. 17 & 18.

The term "in furtherance of" means that the firearm(s) was possessed to advance or promote the crime charged in Count One (1), Two (2), Three (3) and/or Four (4), and that the firearms was strategically located so that it was quickly and easily available for use.  Other factors to consider may include, but is not necessarily limited to: whether the firearm was loaded; the type of weapon; the legality or lack of legality, of its possession; the type of drug activity conducted; and the time and circumstances under which the firearm was found.  The defendant's sole purpose in possessing the firearm need not be furthering the drug trafficking crime. Likewise, possession of a firearm in the same premises as a drug transaction could not, without showing a connection between the two, be sufficient to sustain a conviction.  This all for you to decide.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 17

## Actual and Constructive Possession

1. Next, I want to explain to you something about possession. The government does not have to prove that the defendant physically possessed the item(s) in question for you to find him guilty of this crime. The law recognizes two kinds of possession - actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

2. To establish actual possession, the government must prove that the defendant had direct, physical control over the item(s) in question and knew that he had control of it.

3. To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the item(s) in question, and knew that he had this right, and that he intended to exercise physical control over the item(s) in question at some time, either directly or through other persons.

4. For example, if you left something with a friend intending to come back later and pick it up or intended to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

5. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the items in question, and knew that he did, for you to find him guilty of this crime. This, of course, is for all of you to decide.

## INSTRUCTION NO. 18

### Joint Possession

One more thing about possession.  The Government does not have to prove that the Defendant was the only one who had possession of the item(s) in question.  Two (2) or more people can together share actual or constructive possession over property.  And, if they do, both are considered to have possession as far as the law is concerned.

But remember that just because being present with others who had possession is not enough to convict.  The Government must prove that the Defendant had either actual or constructive possession of the item(s) in question, and knew that he did, for you to find him guilty of this crime.  This again is all for you to decide.

## INSTRUCTION NO. 19

### Expert Testimony

You have heard the testimony or stipulation of Shane Batts, Larry Carroll, W. Brown, Tony King, Larry Congleton, Todd Tremaine, Heather Miller and Joseph Ambrozich; all of whom are expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You do not have to accept an expert's opinion.  In deciding how much weight to give it, you should consider the witness' qualifications and how he or she reached his or her conclusion.

Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

## INSTRUCTION NO.  20

### Unindicted, Unnamed or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the conspirators be known.  An indictment can charge a Defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the Defendant conspired with one or more of them.  Whether they are named or not does not matter.

## INSTRUCTION NO. 21

### On or About

Next, I want to say a word about the dates mentioned in the indictment.  The indictment

charges that the crimes happened "from on or about and between January 1, 2005 and May 2,

2005" and "on or about May 2, 2005."  The Government does not have to prove that the crimes

happened between January 1, 2005 and May 2, 2005 and on May 2, 2005.  But the Government

must prove that the crime happened reasonably close to that date.

## INSTRUCTION NO. 22

### Inferring Required Mental State

Next, I want to explain something about proving a Defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

However, a defendant's state of mind can be proved indirectly from surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This of course is all for you to decide.

## INSTRUCTION NO. 23

### Deliberate Ignorance

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that methamphetamine was being manufactured at his residence, then you may find that he knew methamphetamine was being manufactured at his residence.

However, in order to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that methamphetamine was being manufactured at his residence, and that the Defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This of course is all for you to decide.

## INSTRUCTION NO. 24

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 25

### Testimony of an Informer

You have heard the testimony of several informers.  You have also heard that they may have received leniency regarding criminal charges from the government in exchange for providing information.

The use of informants is common and permissible.  But you should consider the informers' testimony with more caution than the testimony of other witnesses.  Consider whether their testimony may have been influenced by what the Government gave them.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

You have also heard that before this trial some of these informers were convicted of a crime.  These earlier convictions were brought to your attention only as one of way of helping you decide how believable their testimony was.  You cannot use it for any other purpose.

# INSTRUCTION NO. 26

You have heard the testimony of Mr. Tharp, Mr. Durett and Mr. Sanders. You have also heard that they were using methamphetamine during the time that they testified about, and that the Government may have indicated to them they would not be prosecuted in federal court in exchange for their testimony.

It is permissible for the Government to make such a statement. But you should consider their testimony with more caution than the testimony of other witnesses. An addict may have a constant need for drugs, and money to buy drugs, and may also have a greater fear of imprisonment because his supply of drugs may be cut off. Think about these things and consider whether their testimony may have been influenced by the government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

## INSTRUCTION NO. 27

### Number of Witnesses

One more point about witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

# INSTRUCTION NO. 28

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 29

You should use your common sense in weighing the evidence. Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to establish that conclusion.

## INSTRUCTION NO. 30

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G) And, ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 31

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 32

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 33

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 34

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

## INSTRUCTION NO. 35

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 36

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

# INSTRUCTION NO. 3 7

Remember that the Defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

## INSTRUCTION NO.  38

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO.  39

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CR-141-R

**Verdict Form**

**Count 1**

As to Count One (1), conspiracy to manufacture methamphetamine as described in Instructions Nos. 5, 6, 7 and 8, we the jury, find the Defendant, Samuel Richard White, II:

GUILTY_____          NOT GUILTY_____

_____          _____
            FOREPERSON                              DATE

If you find the Defendant guilty on Count One (1), you must also decide, beyond a reasonable doubt, the quantity of the methamphetamine manufactured from on or about and between January 1, 2005 and May 2, 2005; that is, the actual quantity of methamphetamine, was:

A) Fifty (50) grams or more _____;

B) Five (5) grams or more _____; OR

C) Less than Five (5) grams _____

_____          _____
            FOREPERSON                              DATE

**Count 2**

As to Count Two (2), knowingly and intentionally conspiring to possess methamphetamine with intent to distribute as described in Instructions Nos. 9, 10, 11 and 12, we the jury, find the Defendant, Samuel Richard White, II:

GUILTY_____        NOT GUILTY_____


_____        _____
              FOREPERSON                                DATE

If you find the Defendant guilty on Count Two (2), you must also decide, beyond a reasonable doubt, the quantity of the methamphetamine the Defendant conspired to possess with intent to distribute on or about and between January 1, 2005 and May 2, 2005; that is, the actual quantity of methamphetamine, was:

A) Five (5) grams or more _____; OR

B) Less than Five (5) grams _____


_____        _____
              FOREPERSON                                DATE

**Count 3**

As to Count Three (3), knowingly and intentionally possessing methamphetamine with intent to distribute as described in Instruction No. 13, we the jury, find the Defendant, Samuel Richard White, II:

GUILTY_____          NOT GUILTY_____


_____          _____
              FOREPERSON                                    DATE

If you find the Defendant guilty on Count Three (3), you must also decide, beyond a reasonable doubt, the quantity of the methamphetamine the Defendant possessed with intent to distribute on or about May 2, 2005; that is, the actual quantity of methamphetamine, was:

A) Five (5) grams or more _____; OR

B) Less than Five (5) grams _____


_____          _____
              FOREPERSON                                    DATE

**Count 4**

As to Count Four (4), knowingly and intentionally aiding and abetting the manufacturing of methamphetamine as described in Instructions Nos. 14 and 15, we the jury, find the Defendant, Samuel Richard White, II:

GUILTY_____          NOT GUILTY_____

_____          _____
            FOREPERSON                              DATE

If you find the Defendant guilty on Count Four (4), you must also decide, beyond a reasonable doubt, the quantity of the methamphetamine the Defendant aided and abetted the manufacture of on or about May 2, 2005; that is, the actual quantity of methamphetamine, was:

A) Five (5) grams or more _____; OR

B) Less than Five (5) grams _____

_____          _____
            FOREPERSON                              DATE

**Count 5**

As to Count Five, possession of a firearm in furtherance of a drug trafficking crime as described in Instruction No. 16, we the jury, find the Defendant, Samuel Richard White, II:

GUILTY_____          NOT GUILTY_____

_____          _____
FOREPERSON                                DATE